### J. R. WILLIAMS V. THE STATE.

1. In defense to a prosecution for theft, defendant set up a purchase of the property from a third party, and on the trial the court below instructed the jury that " there was no presumption in favor of the purchase, and " that the defendant should prove that affirmative fact satisfactorily to " their minds before they could acquit." *Held*, error. The jury should have been left free to determine the innocence or guilt of the accused from the other facts proved on the trial, as well as from the fact of purchase.

2. Confessions made by a party while under arrest cannot be used in evidence against him, unless they were made in strict compliance with the statute ; and a compliance with the statute should be proved before the confessions are admitted against the party.

APPEAL from Parker. Tried below before the Honorable Charles Soward.

There is no occasion for a statement of the facts.

*E. B. Pickett* and *J. L. L. McCall*, for the appellant.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. There is a material error in the fifth clause of the charge of the court to the jury in this case, and which was probably decisive, in the minds of the jury, of the defendant's guilt. That clause reads as follows : " If the defendant sets " up a purchase from a third party, of the mare alleged to have " been stolen, there is no presumption in favor of such pur- " chase, and the defendant must prove that affirmative fact sat- " isfactorily to your minds, before you can acquit in this case." Under this particular clause of the instruction it was immaterial whether the State had proven any one fact to implicate the defendant or not, since, if he set up a purchase, he must prove that fact satisfactorily to the minds of the jury, or be convicted.

It is presumed that the learned judge who charged the jury intended to apply the charge to the particular facts proven, and to instruct them that the defendant must prove the purchase satisfactorily, in order to raise any presumption of innocence on account of such plea of purchase, and to leave the jury entirely free to determine the question of innocence or guilt from the other facts proven on the trial. But the charge as given appears to ignore all other facts proven, and to confine the jury to the simple question of purchase set up by defendant. We are not disposed to make any comment upon the testimony adduced on the trial, or the weight which should have been given to it by the jury, as the case will go back for another trial, and the jury should be left at liberty to judge of that for themselves. It may, however, be proper to observe that no confessions, as such, made by the defendant while under arrest, could legally be used against him, unless the requirements of the statute in that respect, had been strictly complied with ; and the compliance with the statute should first be proven before the confessions are admitted against a party. For these reasons we think the court erred in overruling defendant's motion for a new trial. The judgment is reversed and the cause remanded.

Reversed and remanded.